**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| PHOENIX REVITALIZATION CORPORATION, an Arizona non-profit corporation, as agent of the Federal Deposit Insurance Corporation, statutory successor to the Resolution Trust Corporation as Receiver for Sun State Savings and Loan Association F.S.A.,<br><br>Plaintiff,<br><br>vs.<br><br>MARABRISA CONDOMINIUMS, LLC, an Arizona limited liability company,<br><br>Defendant. | No. CV 08-01677-PHX-MHM<br><br>**ORDER** |

Plaintiff filed a Complaint against Defendant and WB AZ Equities, II LLC on September 11, 2009. (Dkt. # 1.) Plaintiff amended its Complaint in order to terminate WB AZ Equities, II LLC on February 2, 2009. (Dkt. # 13.) Defendant was served on July 28, 2009. (Dkt. # 21.) Defendant failed to respond and on September 4, 2009, Plaintiff filed a motion for default judgment. (Dkt. # 23.) The Clerk entered default against Defendant pursuant to Federal Rules of Civil Procedure 55(a) on September 9, 2009. (Dkt. # 26.)

/ / /

/ / /

## I. BACKGROUND

Plaintiff Phoenix Revitalization Corporation is authorized to act as the agent of the Federal Deposit Insurance Corporation to monitor and enforce certain Land Use Restriction Agreements ("LURA"), which preserve affordable housing opportunities for low-income households. (Dkt. # 13.) Certain real property (the "Property"), which includes a 12-unit rental housing project known as Sun Valley Garden Apartments, was encumbered by a LURA on February 18, 1993. (Dkt. # 13.) Defendant took title to the Property subject to the LURA. (Dkt. # 13.)

The LURA requires that the owner of the Property (1) remain in compliance with the occupancy requirements and rent limitations set forth in the LURA, (2) submit annual certifications of compliance to Plaintiff, and (3) pay administrative fees to Plaintiff. (Dkt. # 13.) The LURA provides that, in the event of a breach, Plaintiff is entitled to: (a) specific performance of the terms of the LURA, (b) an injunction against any violation of the LURA, (c) the appointment of a receiver to take over and operate the Property in accordance with the terms of the LURA, and (d) its reasonable attorneys' fees in a judicial action in which Plaintiff prevails. (Dkt. # 13). Finally, the LURA provides that the beneficiaries of the obligations in the LURA cannot be adequately compensated by monetary damages in the event of a default. (Dkt. # 13).

Plaintiff claims that Defendant has failed to: (i) remain in compliance with the occupancy requirements and rent limitations set forth in the LURA, (ii) submit annual certifications of compliance to Plaintiff, and (iii) pay administrative fees to Plaintiff. (Dkt. # 13.) Plaintiff requests: (1) Defendant be required to perform all of its duties and obligations under the LURA, (2) an injunction against further violations of the LURA, and or (3) the appointment of a receiver to take over and operate the Property in accordance with the terms of the LURA. Plaintiff also requests (4) accrued administrative fees due and owing, and (5) reasonable attorneys' fees and costs.

///

## II. DISCUSSION

"Entry of default judgment is governed by FRCP 55 and is left to the trial court's sound discretion." Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). After entry of default by the Clerk of the Court pursuant to FRCP 55(a), the Court may grant default judgment pursuant to FRCP 55(b)(2). See Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986) (discussing the sequential two-step process under FRCP 55). A district court may consider the following factors in exercising its discretion:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel, 782 F.2d at 1471-72. After default has been entered by the Clerk of the Court, the factual allegations of the complaint are taken as true, except for those allegations relating to damages. See TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917 (9th Cir. 1987). "A party seeking default judgment must state a claim upon which it may recover." See Philip Morris USA, Inc. v. Castworld Products, Inc., 219 F.R.D. 494, 501 (C.D. Cal. 2003). Furthermore, a plaintiff must prove all damages sought in the complaint. Philip Morris USA, 219 F.R.D. at 498; Fed. R. Civ. P. 55 (b)(2) ("In determining damages, a court can rely on the declarations submitted by the plaintiff.").

Plaintiff has satisfied the procedural requirements for default judgment against Defendant. Plaintiff submitted a declaration and application for entry of default on September 4, 2009 (Dkt. # 24), which prompted the Clerk of the Court to enter default against Defendant on September 9, 2009 (Dkt. # 26). The application for default judgment complies with the Federal Rules of Civil Procedure. Accordingly, the Court need only analyze the Eitel factors to determine whether default judgment is appropriate in this case.

/ / /

/ / /

1    The first Eitel factor weighs in favor of default judgment because Plaintiff will be
2    prejudiced if it is unable to enforce the LURA because of Defendant's refusal to defend an
3    action. Defendant will be free to continue violating the terms of the LURA if default
4    judgment is not provided.

5    The second and third Eitel factors weigh against default judgment. While the basic
6    framework of Plaintiff's claim is clear, the Complaint is factually insufficient in its
7    demonstration of Defendant's failure to comply with the LURA. Plaintiff did not even
8    provide a copy of the LURA. Nor did Plaintiff allege Defendant's conduct that suggests it
9    has violated the LURA. Plaintiff failed to provide *any* detail that would allow the Court to
10   consider the merits of Plaintiff's substantive claim. Merely alleging that certain violations
11   have occurred, without providing the underlying facts or agreement necessary to substantiate
12   such allegations, is wholly insufficient for the Court to grant a default judgment.
13   Accordingly, the Court finds that the second and third factors weigh against default judgment.

14   The fourth Eitel factor weighs in favor of default judgment. Under this factor, the Court
15   considers the amount of money at stake in relation to the seriousness of Defendant's conduct.
16   Eitel, 782 F.2d at 1471-72. Plaintiff seeks accrued administrative fees, and attorneys' fees and
17   costs. These items are sought in accordance with the terms of the LURA. Plaintiff does not
18   seek any other damages. Accordingly, the Court finds that this factor weighs in favor of
19   granting default judgment.

20   The fifth Eitel factor, which requires the Court consider the possibility of dispute
21   concerning material facts, weighs against default judgment. On entry of default, all well-
22   pleaded facts in the complaint are taken as true, except those relating to damages. TeleVideo
23   Sys., Inc., 826 F.2d at 917-18. However, Plaintiff has not pleaded all material facts because
24   Plaintiff has not sufficiently demonstrated Defendant's failure to comply with the LURA.
25   Therefore, there is a possibility that a dispute may arise from a material fact not yet pleaded.
26   Accordingly, the Court finds that the fifth factor weighs against default judgment.
27   / / /
28

The sixth Eitel factor, which considers the possibility that default resulted from excusable neglect, weighs in favor of default judgment. "Due process requires that all interested parties be given notice reasonably calculated to apprise them of the pendency of the action and be afforded opportunity to present their objections before a final judgment is rendered." Philip Morris USA, 219 F.R.D. at 500-01 (citing Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)). Here, the possibility that default resulted from excusable neglect appears remote. Defendant was served on July 28, 2009. (Dkt. # 21.) Defendant failed to answer the Complaint and has not opposed Plaintiff's motion for default judgment. Accordingly, this factor weighs in favor of granting default judgment.

The seventh Eitel factor, which requires consideration of the strong policy favoring decisions on the merits, does not preclude the Court from entering default judgment against Defendant. Defendant's failure to respond to this action makes a decision on the merits impractical, if not impossible.

### III. CONCLUSION

The Court finds that Plaintiff is not entitled to default judgment because the second, third, and fifth Eitel factors weigh against default judgment. Plaintiff must provide a copy of the LURA, and detail the specific non-complying conduct of Defendant in order for the Complaint to be sufficient and the Court to assess the merits of Plaintiff's substantive claim. While denial of default judgment would be appropriate, the Court will allow Plaintiff to file a supplemental motion within ten days to address the Eitel factors and provide a copy of the LURA, detail the non-complying conduct of Defendant, and any other facts necessary to satisfy the Eitel factors. If Plaintiff fails to file an amended motion within ten days, the Court will deny Plaintiff's Motion for Default Judgment with prejudice.

**Accordingly,**

**IT IS HEREBY ORDERED** denying Plaintiff's Motion for Default Judgment (Dkt. # 23) without prejudice and providing Plaintiff ten calendar days from the date of this Order to file a supplemental motion for default judgment.

1     **IT IS FURTHER ORDERED** that if Plaintiff does not file a supplemental motion
2 within the allotted time-frame, the Court will direct the Clerk of the Court to enter judgment
3 against Plaintiff with prejudice.

4     DATED this 10th day of November, 2009.

_____
Mary H. Murguia
United States District Judge